

FILED
MAY 16, 2008
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

_____

| | | |
|---|---|---|
| EMILIO SANCHEZ DURAN, TDCJ-CID 606560 | § § § § | |
| Petitioner, | § § | |
| v. | § § | 2:06-CV-0349 |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

After the denial of his December 14, 2006, pleading entitled "Defendant (sic) Motion for Speedy Deportation[1]," petitioner DURAN, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, brings an "Original Application for Writ of Mandamus" filed July 9, 2007.

Petitioner argues his conviction is a void judgment and asks that it be set aside or vacated and he be awarded monetary damages and interest. Of course, vacating the subject conviction would necessarily result in petitioner's immediate or early release from prison.

---

[1] Construed to be a habeas action and filed as cause no. 2:07-CV-0349.

Petitioner states TDCJ "moved his expiration date of the contract without his consent" so the contract (at this point it appears petitioner is referencing his plea bargain[2]) became null and void. He complains TDCJ and the Board of Pardons and Paroles denied him credit for street time, resulting, he says, in an increase of his term of imprisonment from 15 to 22 years. As an aside, the Court notes "Exhibit A" which petitioner states is attached to his pleading was not submitted. Petitioner alleges his court-appointed counsel conspired with the District Attorney to deprive petitioner of his liberty and claims ineffective assistance of counsel. Also, petitioner claims that, as a person who is neither naturalized nor of United States origin, he is not eligible for good time or work time credits and is being forced to work in virtual slavery.

Petitioner argues he has been deprived of liberty without due process and he is subjected to cruel and unusual punishment by being incarcerated without penological justification.

Mandamus is a remedy reserved for extraordinary circumstances. *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 403, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976). It is not proper to allow mandamus to be utilized as a substitute for appeal. *Green v. Heckler*, 742 F.2d 237, 241 (5th Cir. 1984). To show entitlement for mandamus, the petitioner must demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy. *U.S. v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985)(citations omitted); *see also Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980).

---

[2] Petitioner says he agreed to the plea bargain because his attorney asked him to and because he was guilty of the burglary charge.

Every claim petitioner asserts may be asserted in either a habeas action, a civil rights suit, or both. Further, all of the relief petitioner requests is available through one or the other of these actions. Therefore, there exists another adequate remedy. In addition, petitioner has not shown a clear right to the requested relief and a clear duty by the respondent to perform any act, including that of giving petitioner compensatory monetary damages.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the mandamus action filed by petitioner EMILIO SANCHEZ DURAN be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ____16th_____ day of May 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing

objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).